**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN JOHNSON,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>COSTCO WHOLESALE<br>CORPORATION; et al.,<br><br>        Defendants - Appellees. | No. 10-17278<br><br>D.C. No. 3:10-cv-02531-CRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Karen Johnson appeals pro se from the district court's summary judgment in

her employment action. We have jurisdiction under 28 U.S.C. § 1291. We review

for an abuse of discretion the district court's application of judicial estoppel.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by concluding that judicial estoppel barred Johnson's employment action because Johnson was aware of but failed to disclose the existence of those claims in bankruptcy proceedings that discharged her debts. *See id.* at 784-85 (applying judicial estoppel where debtor knowingly failed to disclose the existence of a cause of action as an asset in a bankruptcy proceeding and the bankruptcy court relied on the nondisclosure). Johnson does not contend that the nondisclosure was the result of inadvertence or mistake, and she did not attempt to reopen bankruptcy proceedings or correct the initial filing error. *See Ah Quin v. Cnty. of Kauai Dep't of Transp.*, No. 10-16000, ___ F.3d ____, 2013 WL 3814916 at *4, *7 (9th Cir. July 24, 2013) (remanding for an inquiry into plaintiff-debtor's subjective intent when filling out and signing bankruptcy schedules where plaintiff-debtor contended that the nondisclosure was the result of inadvertence or mistake and had reopened bankruptcy proceedings to correct the initial filing error).

**AFFIRMED.**